**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trentin McReynolds, ) | CV05-1432-PHX-MHM (JCG) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Trentin McReynolds filed a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt.#1). The Court will dismiss the action without prejudice.

On May 16, 2005, Plaintiff filed the present complaint. (Dkt.#1). On July 5, 2005, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed the clerk to issue Plaintiff a service packet. (Dkt.#3). The same day the Court directed Maricopa County Sheriff Joseph M. Arpaio to periodically collect from Plaintiff's inmate trust account a portion of his initial filing fee in support of his § 1983 claim. (Dkt.#4). On July 8, 2005, a copy of the order granting Plaintiff's application to proceed *in forma pauperis* was mailed to Plaintiff. On July 9, 2005, a copy of the order directing the periodic collection of the initial filing fee by Sheriff Arpaio was mailed to Plaintiff.

However, on July 13, 2005, the order granting Plaintiff's *in forma pauperis* status was returned as undeliverable because Plaintiff had been released. (Dkt.#5). It was again returned as undeliverable on July 15, 2005. (Dkt.#6). Finally, a copy of the order directing

1 Sheriff Arpaio periodically collect a portion of the initial filing fee mailed to Plaintiff was
2 returned as undeliverable on July 15, 2005. (Dkt.#7).  Plaintiff has not provided the Court
3 with his present address.

4 Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the
5 instructions attached to the court-approved complaint form.  Those instructions state: "You
6 must immediately notify the clerk ... in writing of any change in your mailing address.
7 Failure to notify the court of any change in your mailing address may result in the dismissal
8 of your case."  Information and Instructions for a Prisoner Filing Civil Rights Complaint at
9 2, ¶ H.  To this date, Plaintiff has failed to provide the Court with his current address.

10 Plaintiff was warned that failure to file a notice of change of address could result in the
11 dismissal of this action.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (providing
12 that "[a] party, not the district court, bears the burden of keeping the court apprized of any
13 changes in his mailing address.").  Plaintiff has failed to notify the Court of a change of his
14 address and mail sent to his last known address has been returned.  An order to show cause
15 why this action should not be dismissed for failure to prosecute would be futile.  See Id.
16 (providing that "[a]n order to show cause why dismissal is not warranted or an order
17 imposing sanctions would only find itself taking a round trip tour through the United States
18 mail.").  Accordingly, this case will be dismissed without prejudice.

19 **IT IS HEREBY ORDERED** that this action is dismissed without prejudice pursuant to
20 Rule 41(b) of the Federal Rules of Civil Procedure and the Clerk of the Court shall enter
21 judgment accordingly.

22 DATED this 28th day of February, 2006.

25 Mary H. Murguia
United States District Judge